UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT BERG                                                    CIVIL ACTION

VERSUS

AKORN, INC., ET AL.                                            NO.: 17-00350-BAJ-RLB

RULING AND ORDER

Before the Court is the **Akorn Defendants' Expedited Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 6)** filed by Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Raj, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn, and Acorn, Inc. (collectively, "Akorn Defendants"). The Akorn Defendants seek an Order from this Court transferring the above-captioned action, as well as five other related actions (collectively, "Related Actions"),[1] to the United States District Court for the Northern District of Illinois. Pursuant to Federal Rule of Civil Procedure 42, the Court consolidated the Related Actions into the above-captioned action for the limited purpose of resolving the issue of venue. (*See* Doc. 31). Plaintiffs in the Related Actions filed an Omnibus Memorandum of Law in Opposition to Defendants' Expedited Motion for Change of Venue (Doc. 38). The Akorn Defendants thereafter filed a Reply Memorandum in Further Support of Akorn Defendants' Expedited Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 33). For the

---

[1] The Related Actions are 17-cv-00350-BAJ-RLB, *Robert Berg v. Akorn, Inc. et al.*; 17-cv-00359-BAJ-RLB, *Jorge Alcarez v. Akorn, Inc., et al.*; 17-cv-00367-BAJ-EWD, *Shaun A. House v. Akorn, Inc. et al.*; 17-cv-00373-BAJ-RLB, *Sean Harris v. Akorn, Inc., et al.*; 17-cv-00389-BAJ-RLB, *Robert Carlyle v. Akorn, Inc., et al.*; and 17-cv-00395-BAJ-RLB, *Demetrios Pullos v. Akorn, Inc., et al.*

reasons explained herein, the **Akorn Defendants' Expedited Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 6)** is GRANTED.

I.  BACKGROUND

Defendant Akorn, Inc. ("Akorn") is a Louisiana corporation that develops and manufactures specialty generic pharmaceuticals. (Doc. 3-7 at p. 9). Although incorporated in Louisiana, Akorn's corporate headquarters has been located in Illinois since 1997. (Doc. 3-9 at ¶ 3). On April 24, 2017, Akorn entered into an Agreement and Plan of Merger ("Merger Agreement") with Fresenius Kabi AG ("Fresenius Kabi"), a German stock corporation, and Quercus Acquisition, Inc. ("Quercus"), a Louisiana corporation and a wholly owned subsidiary of Fresenius Kabi. (Doc. 3-7 at p. 3). Under the terms of the agreement, Quercus would be merged with Akorn, with Akorn surviving the merger as a subsidiary of Fresenius Kabi. (*Id.*).

On June 15, 2017, Akorn issued a Definitive Proxy Statement (Doc. 3-7) pursuant to section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") in connection with the Merger Agreement, informing Akorn shareholders that a special meeting would be held on July 19, 2017, at which the shareholders would vote on the Merger Agreement. (*Id.* at p. 3-5). Plaintiffs in the Related Actions filed suit, alleging that the Akorn Defendants misrepresented and omitted material information in the Definitive Proxy Statement concerning the Merger Agreement, in violation of sections 14(a) and 20(a) of the Exchange Act. (*See, e.g.*, Doc. 1). Five out of the six Plaintiffs in the Related Actions filed suit in this Court, while one of the Plaintiffs initially filed

2

suit in the United States District Court for the Northern District of Illinois ("Northern District of Illinois"), voluntarily dismissed that suit, and refiled suit in this Court. (*See* Doc. 3-6). In addition to the Related Actions, two shareholders brought state-law claims in relation to the Merger Agreement in the Circuit Court of Cook County, Illinois. (*See* Docs. 3-4, 3-5).

The Akorn Defendants filed Motions in all of the Related Actions pursuant to 28 U.S.C. § 1404(a), petitioning the Court to transfer the Related Actions to the Northern District of Illinois. (*See, e.g.*, Doc. 6). The Court then consolidated the Related Actions, pursuant to Rule 42, into the above-captioned action for the limited purpose of resolving the issue of venue. (*See* Doc. 31).

## II. LEGAL STANDARD

"[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, [28 U.S.C.] § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). 28 U.S.C § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In analyzing whether an action may be transferred to another district, the Court first must first determine "whether [the] action 'might have been brought' in the destination venue." *In re Volkswagen*, 545 F.3d at 312 (quoting 28 U.S.C. § 1404(a)). Second, the Court must evaluate the "private and public interest factors"

3

-
-

that are utilized under the *forum non conveniens* doctrine to determine whether a transfer of venue under 28 U.S.C. § 1404(a) "is for the convenience of the parties and witnesses and in the interest of justice." *Id.* at 315. "The private interest factors are . . . '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are . . . '(1) the administrative difficulties flowing from court congestion[,] (2) the local interest in having localized interests decided at home[,] (3) the familiarity of the forum with the law that will govern the case[,] and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d at 203).

The burden that a movant must meet to justify a transfer of venue under 28 U.S.C. § 1404(a) "is less demanding than that a mov[ant] must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314. In order to warrant a transfer of venue under 28 U.S.C. § 1404(a), a movant simply must "demonstrate[] that the transferee venue is clearly more convenient." *Id.* at 315.

## III.  DISCUSSION

The Court finds that the Akorn Defendants overwhelmingly have demonstrated that the Northern District of Illinois is a more convenient venue. As a preliminary matter, it is undisputed that the Related Actions "might have been brought" in the Northern District of Illinois, 28 U.S.C. § 1404(a); indeed, one of the Related Actions initially *was* brought in the Northern District of Illinois. (*See* Doc. 3-6).

The private and public interest factors weigh heavily in favor of transfer. None of the persons named as Defendants reside in Middle District of Louisiana, nor did any of the conduct giving rise to this action take place in this district. (Doc. 3-9 at ¶ 12). In fact, there is no indication that any potential evidence related to the Merger Agreement is located in the Middle District of Louisiana. (*Id.* at ¶¶ 12-13). All of the relevant evidence in this action and the majority of the relevant witnesses are located in the Northern District of Illinois, where Akorn's corporate headquarters is located, (*id.*), which weighs in favor of transfer to that district. *In re Volkswagen*, 545 F.3d at 316. Plaintiffs' argument to the contrary – that the location of such evidence is irrelevant to the analysis under 28 U.S.C. § 1404(a) because the evidence may be easily obtained – was summarily rejected by the United States Court of Appeals for the Fifth Circuit in *In re Volkswagen of America, Inc*, 545 F.3d 304 (5th Cir. 2008). *See id.* (holding that the presence of all the relevant evidence in the transferee venue weighed in favor of transfer, regardless of the ease with which the parties could have electronically transported the evidence to the existing venue, reasoning that simply

5

because "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous").

While none of the relevant witnesses are located in or near the Middle District of Louisiana and thus are not subject to the Court's subpoena power under Rule 45, the Northern District of Illinois enjoys absolute subpoena power over the *majority* of relevant witnesses, (*see id.* at ¶¶ 6-7, 12), which weighs in favor of transfer. *See id.* Further, because the majority of relevant witnesses reside in the Northern District of Illinois, (*see id.*), nearly 1,000 miles from the Middle District of Louisiana, the witnesses would experience ample inconvenience if required to travel to this district to testify, which also weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under [28 U.S.C.] § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). Additionally, if this action were to remain in this district, Defendants would encounter inconvenience due to the currently pending claims in Illinois state court that, while based on separate law, involve the same sources of proof, thereby requiring Defendants to produce the same evidence and witnesses in two forums that are separated by nearly 1,000 miles. (*See* Docs. 3-4, 3-5).

None of the public interest factors appear to be particularly relevant to the Court's analysis. While Plaintiffs have produced evidence tending to show that this Court's docket is slightly less congested than that of the Northern District of Illinois, (*see* Doc. 38 at p. 10), there is no indication that Plaintiffs will be prohibited from

promptly obtaining the relief they seek in the Northern District of Illinois. Courts regularly hear argument and issue rulings on motions for injunctive relief in a much more truncated timeline than is present in this case. Further, if Plaintiffs genuinely were concerned regarding the timeframe with which they would be left to obtain injunctive relief from the Northern District of Illinois in the event that the Court granted this Motion, it seems that they would have responded to the Motion sooner than the precise deadline established by the Court.

In sum, the Related Actions have no relation to the Middle District of Louisiana other than the fact that Akorn and Quercus were incorporated under Louisiana law. (*See* Doc. 3-9 at ¶¶ 3, 11). In light of the overwhelming circumstances that weigh in favor of transfer due to the location of the relevant evidence and witnesses, as detailed above, it would be inappropriate for the Court to place such a heavy emphasis on Akorn and Quercus's state of incorporation to find that this action should not be transferred. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527-28 (1947) (holding that "[p]lace of corporate domicile . . . might be entitled to little consideration" under the private and public interest factors that are utilized under the *forum non conveniens* doctrine because the proper analysis "resists formalization and looks to the realities that make for doing justice").

Therefore, the Court finds that the Akorn Defendants have satisfied their burden of demonstrating that the Northern District of Illinois is a "clearly more convenient" forum, and thus the Related Actions shall be transferred to the Northern District of Illinois. *In re Volkswagen*, 545 F.3d at 315.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Akorn Defendants' Expedited Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 6)** filed by Defendants Adrienne L. Graves, Alan Weinstein, Brian Tambi, John N. Kapoor, Kenneth S. Abramowitz, Raj Raj, Ronald M. Johnson, Steven J. Meyer, Terry A. Rappuhn, and Acorn, Inc., is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Ruling and Order in each of the following actions:

| | |
|---|---|
| 17-cv-00359-BAJ-RLB | *Jorge Alcarez v. Akorn, Inc., et al.* |
| 17-cv-00367-BAJ-EWD | *Shaun A. House v. Akorn, Inc. et al.* |
| 17-cv-00373-BAJ-RLB | *Sean Harris v. Akorn, Inc., et al.* |
| 17-cv-00389-BAJ-RLB | *Robert Carlyle v. Akorn, Inc., et al.* |
| 17-cv-00395-BAJ-RLB | *Demetrios Pullos v. Akorn, Inc., et al.* |

Baton Rouge, Louisiana, this 5th day of July, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**